F68PARAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              13 CR 811 (ALC)

EDWIN ARAUJO,

            Defendant.

------------------------------x

                                New York, N.Y.
                                June 8, 2015
                                2:07 p.m.

Before:

            HON. ANDREW L. CARTER, JR.,

                              District Judge

                    APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
JASON MASIMORE
    Assistant United States Attorney

WILLIAM STAMPUR
    Attorney for Defendant


ALSO PRESENT:  LYVIA RAMOS, USPO
              ELIZA LEHNER, Inter with AUSA

1              (In open court)

2              (Case called)

3              MR. MASIMORE:  Good afternoon, your Honor.  Jason
4    Masimore for the government, and with me at counsel's table,
5    with the Court's permission, Eliza Lehner, an intern with our
6    office.

7              MR. STAMPUR:  William J. Stampur for Mr. Araujo.  Good
8    afternoon, your Honor.

9              THE COURT:  All right.  Good afternoon.  Good
10   afternoon, Mr. Araujo.

11             MR. STAMPUR:  May I be seated, Judge?

12             THE COURT:  Yes.  Okay.  We're here today to impose
13   sentencing in the case of United States v. Edwin Araujo.  In
14   preparation for today's proceeding, I've reviewed the
15   presentence report, a submission by defense counsel, and a
16   submission by the government.  Is there anything else that I
17   should have?

18             MR. MASIMORE:  Not from the government.

19             MR. STAMPUR:  Well, Judge, there is one thing, and I
20   can hand it up to the Court.  My client just gave me this, and
21   I can give it to the assistant.  It's a work performance rating
22   from the Federal Bureau of Prisons that he just got and it
23   covers the period of October 2014 to the present.  Your Honor
24   may be somewhat familiar with these forms, but I did just show
25   it to the assistant.  I literally just got it.  So if I may

1 just hand it up to the Court.
2             THE COURT:  Yes.  Just one moment.
3             (Pause)
4             THE COURT:  Okay.  I've reviewed this.  Does counsel
5 want this back?  Do you want me to keep this?
6             MR. STAMPUR:  You can keep it, Judge, as part of my
7 submission, if you don't mind.
8             THE COURT:  Government have any position on this?
9             MR. STAMPUR:  I guess maybe I can take it back, make a
10 copy of it and then give a copy to you.  Would that be fine?
11            THE COURT:  That's fine.  Because we, obviously, have
12 this as part of the record, and it probably makes sense to --
13            MR. MASIMORE:  I was just going to suggest perhaps
14 after the proceeding, if counsel wanted to ECF it, then it
15 would become part of the record as a supplemental.
16            THE COURT:  Okay.  Let's do that.  Just give it back.
17            MR. MASIMORE:  Just noting that redaction, if you
18 will.
19            THE COURT:  Just one moment.
20            (Pause)
21            Okay.  Is there anything else that I should have from
22 either side?
23            MR. STAMPUR:  I think not, Judge.
24            THE COURT:  Okay.  To the extent that I did not
25 already do this, I believe I did, I will accept Mr. Araujo's

1  plea of guilty.  Let me just ask some questions of defense
2  counsel and Mr. Araujo and the government.  Counsel, have you
3  read and reviewed the presentence report and discussed it with
4  your client?
5           MR. STAMPUR:  Yes, your Honor.
6           THE COURT:  And, Mr. Araujo, have you had an
7  opportunity to read the presentence report and discuss it with
8  your attorney?
9           THE DEFENDANT:  Yes.
10          THE COURT:  Counsel for the government, have you had
11 an opportunity to read and review the presentence report?
12          MR. MASIMORE:  I have, your Honor.
13          THE COURT:  Are there any objections to anything in
14 the presentence report from either side?
15          MR. MASIMORE:  Not from the government, your Honor.
16          MR. STAMPUR:  Well, your Honor, on Page 4 of my
17 submission I asked the Court to delete from his PSR his name
18 from a certain paragraphs, 16, 17, 31, 32 and 33, and the
19 reason for that request is that Mr. Araujo suggests that he
20 wasn't present for those alleged burglaries.  I've discussed
21 that with Mr. Masimore.  He's definitely, if I may have a
22 second, agreed with me with respect to paragraph 31.  Right,
23 Jason?  May I have a moment?  Do you want to speak about it?
24          (Pause)
25          Shall I continue, your Honor?  So after having spoken

1  with Mr. Masimore, I think the first paragraph there's
2  definitely no objection to deleting his name.  It is paragraph
3  31, Mr. Masimore?
4             MR. MASIMORE:  Correct.
5             MR. STAMPUR:  Shall I continue?
6             THE COURT:  Yes, go ahead.  I thought you were
7  continuing.
8             MR. STAMPUR:  I'm sorry.  I apologize.  And with
9  respect to the other four paragraphs that I asked the Court to
10 remove my client's name, the government has indicated to me
11 that he may not have been physically present, but I guess the
12 government can speak for themselves.  They're suggesting that
13 there still was a connection to those burglaries.  Would that
14 be a fair statement, Mr. Masimore?
15            MR. MASIMORE:  Yes, your Honor.  With respect to the
16 other burglaries, the evidence would show that Mr. Araujo was
17 present or participating in these burglaries to a preponderance
18 of the evidence, for purposes of sentencing, relate to cell
19 phone records.  I think if the Court looks at paragraphs 32 and
20 33 --
21            THE COURT:  All right.
22            MR. MASIMORE:  -- in particular, those are burglaries
23 that happened in Queens and in Brooklyn, which are -- you know,
24 these happened at odd times, that being late at night or very
25 early in the morning.  And our cell phone data from this case

1    showed the presence of phones belonging to Edwin Araujo and the
2    others at these burglaries at these times.
3             These burglaries were nowhere near Mr. Araujo's
4    apartment at the time, and so we have no basis to, from our
5    perspective, agree to take his name out.  It's our
6    understanding, just like all of the other burglaries, that
7    Mr. Araujo participated in these.  So I'm not sure what we're
8    left with.
9             I think the overarching principle, I don't think the
10   defense quarrels with and that may be the more fruitful area of
11   discussions, and that is this defendant participated in a large
12   number of burglaries all over the city.  And so whether he
13   participated in the burglaries in paragraphs 16, 17, 32 and 33
14   specifically, I think we certainly are in agreement, and I will
15   let defense counsel speak to this, obviously, that he did
16   participate in a large number of burglaries throughout the
17   course of the scheme.
18             THE COURT:  What exactly is defense counsel's position
19   regarding these other paragraphs here?  Is it your position
20   that his name should be deleted because he's not responsible
21   for those burglaries, or that he simply wasn't present?
22             MR. STAMPUR:  Both.  Both responsibility and present.
23   I'm not here to ask for a Fatico hearing.  He and I have
24   discussed this.  So I understand the government's position.  So
25   if we're just deleting paragraph 31, which I guess we're in a

1   hundred percent agreement concerning, we can note for the

2   record what I just stated.  We're not -- I've had this

3   discussion with Mr. Araujo.

4             THE COURT:  Well, how does that affect the guideline

5   calculation?

6             MR. STAMPUR:  It doesn't, Judge, and I've had that

7   discussion with Mr. Araujo.  He wanted to be as specific as

8   possible in his review of everything that has been given to

9   him.  So it doesn't affect the guidelines.  I'd love to

10  continue with the sentence, but I just want to go on the

11  record, per his request, in the courtroom, if that's okay with

12  the Court.

13            THE COURT:  We may need to have a hearing, I suppose.

14  I certainly would need some other information on this because

15  it certainly affects things.  I need to know specifically which

16  of these burglaries he was involved in.  It would certainly

17  help to know that and, again, this is a person's life that

18  we're dealing with.  These are crimes to business owners, and

19  we have to be as specific as possible with that.

20            So there are specific dates set forth in the

21  presentence report.  I wasn't sure from reading defense

22  counsel's submission, where you just simply said that you

23  wanted them deleted, I didn't know what you meant.  Now, it

24  seems that what you're saying is that he is not responsible,

25  didn't participate in these burglaries or any conspiracy

1     regarding these burglaries on those specific dates for the

2     burglaries listed in paragraphs 16, 17, 31, 32 and 33.  Is that

3     your position.

4             MR. STAMPUR:  Well, 31, the government agrees with; so

5     there are four remaining.  Can I have a moment?

6             THE COURT:  Yes.

7             (Pause)

8             MR. STAMPUR:  Your Honor, my client has indicated,

9     having spoken with me, that we'll withdraw the application with

10    respect to the other four paragraphs, 16, 17, 32 and 33.

11            THE COURT:  Well, it certainly would be helpful, I

12    think, for me to have a clear idea regarding, again, which

13    burglaries he's responsible for and/or participated in.

14            Let me let you know one of the things that I'm

15    concerned about in this case.  Mr. Araujo, in his letter to the

16    Court, indicated that he understands that deterrence is one of

17    the things that I am concerned about, and I am concerned about

18    that.  According to the presentence report, for his prior

19    felony conviction, he was released on parole on January 21st,

20    2011.  The burglary listed in paragraph 16 took place on

21    January 27th, 2011, and that is certainly something that would

22    give me some pause if, in fact, he is present for that burglary

23    and responsible for that burglary.

24            It's something that I think I might need to -- since

25    that's being challenged in some way, or was being challenged, I

1    understand you now wish to withdraw that, but I think, in
2    fairness, that you should know and he should know that the
3    timing of that burglary has me a little bit more concerned than
4    the timings of some of the other burglaries.  And, obviously,
5    if there is no objection to some of the other burglaries that
6    took place shortly thereafter, there certainly is mention of a
7    burglary in paragraph 17.
8             Let me just make sure I have the total list of what
9    the defense was objecting to.  17 is also one of the ones
10   listed by the defense which took place February 25th.  I
11   suppose there's no objection to the burglary listed in
12   paragraph 18, which took place on June 15th, which is still
13   less than six months after his release or less than five months
14   after his release from state parole.
15            But, obviously, it's still bad if he's out on parole
16   and within six months is engaged in this sort of conduct.  But
17   there is some increasing concern if he's engaged and present
18   for any burglary that takes place less than a week after his
19   release.  I looked on the calendar, and January 21st was a
20   Friday, that other burglary took place on a Thursday, the
21   following Thursday.  So that does give me some concern.
22            So perhaps it makes sense to adjourn sentence, and let
23   defense counsel and his client discuss this further as to
24   whether or not you wish to have a Fatico hearing, or how you
25   want me to consider that, since you've now raised this as an

F68PARAS

```
 1   issue.  What's counsel's position on this?
 2            MR. STAMPUR:  May I have a moment?
 3            THE COURT:  Yes.
 4            (Pause)
 5            MR. STAMPUR:  Your Honor, I think we'll adjourn the
 6   sentence.
 7            THE COURT:  Okay.  All right.  How much time do you
 8   need, counsel?  Counsel, at this point, do you believe that you
 9   are requesting a hearing?
10            MR. STAMPUR:  Why don't we tentatively set it down for
11   a hearing, and if he changes his mind, I'll inform the Court
12   and the government.
13            THE COURT:  All right.  Just to make sure counsel is
14   aware of what my concern is, my primary concern is whether or
15   not he's responsible for the burglary.  I'm not particularly
16   concerned whether he's physically present, but if he's
17   participating in that burglary less than a week after his
18   release, then obviously that raises some serious concerns.
19   Whether he's physically present or whether he's communicating
20   by telephone or whether he's somehow otherwise conspiring for
21   this burglary to take place, that's what my concern is.
22            So it's not a matter of whether he was physically
23   present, but whether or not he's responsible for that.  So
24   let's set this down for a hearing.  Go ahead, counsel.
25            MR. MASIMORE:  May I have a moment to confer with
```

1     Mr. Stampur about scheduling?

2              THE COURT:  Sure.

3              (Pause)

4              MR. MASIMORE:  Your Honor, having consulted with
5     Mr. Stampur about scheduling issues and what it might take to
6     have the government's evidence presentation at such a hearing,
7     I would ask that the Court entertain a date in early, very
8     early September.

9              MR. STAMPUR:  I have no objection to that.

10             MR. MASIMORE:  That being said, if we, through our
11    discussions, have a resolution that happens short of that or
12    earlier than that, we can certainly write to the Court, if that
13    would please the Court.

14             THE COURT:  Okay.  That is certainly fine.  We can do
15    that.  I do note that there seem to be several people here in
16    the audience.  I don't know if these people are here for
17    Mr. Araujo, and if they are, give me a sense of who these
18    people are.

19             While I am required to determine the guideline range
20    that applies to this case, I am no longer required to sentence
21    him within that guideline range.  I am cognizant of the fact
22    that there may be family members and friends who may have taken
23    off from work or school to otherwise be here today, who may not
24    be able to be here on the September date.

25             We will find a date, but it seems to me that it may

Case 1:13-cr-00811-ALC Document 291 Filed 07/14/15 Page 12 of 14   12
F68PARAS

1   make sense -- again, I will give counsel an opportunity to call
2   one of those family members, if you like, and it may make sense
3   to do that today so that we have that for the record.  But
4   what's counsel's preference on that?
5           MR. STAMPUR:  Well, first thing I can do is I can
6   provide the Court with a list and their relationships to my
7   client.  The majority of the people came in a little bit after
8   the proceedings started; so my original plan was to have names
9   and relationships prepared in front of me.  I don't have it
10  right now because people came in, as I said, after this
11  proceeding started.  I know most of the people here I know from
12  the past and the family, but some are friends who I never met
13  before.
14          As far as the second question, I don't have a response
15  as to if there's one person, as opposed to anyone else, who is
16  prepared to address the Court.  I think the majority of the
17  people would probably be able to come back in September.  Would
18  that be a fair statement?  So I don't think that will be of any
19  concern.
20          THE COURT:  Okay.  All right.  Let's get a date, then,
21  in September.
22          THE DEPUTY CLERK:  Friday, September the 4th at
23  10:00 a.m.
24          THE COURT:  Is that the Friday before Labor Day?
25          THE DEPUTY CLERK:  I'm sorry, it is.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F68PARAS

1      MR. STAMPUR:  How is the following week, either the
2  9th or 10th?
3      THE DEPUTY CLERK:  Thursday, September 10th at
4  10:00 a.m.?
5      MR. STAMPUR:  That's fine.
6      THE COURT:  All right.  Does that work for everyone?
7      MR. MASIMORE:  Yes, your Honor.  Thank you.
8      THE COURT:  Okay.  So we'll put that down for the
9  Fatico hearing.  Does counsel have an estimate as to how long
10 this hearing would take?
11     MR. MASIMORE:  Your Honor, I think we should set aside
12 the better part of a day I think to -- I think the government's
13 presentation largely will be based on cell site evidence.  So I
14 think to establish a record, I think we need to call somebody
15 to provide testimony to make a record as to how reliable that
16 is and the like.  That tends to take a bit of time to explain.
17     I think if we set aside a day or maybe three-quarters
18 of a day, that should do it.  We'll, obviously, work with
19 Mr. Stampur to see if there are ways that we can streamline the
20 presentation or if there are certain things we can agree about
21 to streamline that.  If we are going to do that in advance,
22 perhaps we could get to the Court a more accurate time estimate
23 as we approach.
24     THE COURT:  Okay.  Do we have time for that, Tara?
25     THE DEPUTY CLERK:  Yes, Judge.

F68PARAS

1          THE COURT:  Okay.  Great.  Okay.  So September 10th at
2     10:00 a.m.; is that the time, Tara?
3          THE DEPUTY CLERK:  Yes, Judge.
4          THE COURT:  All right.  So we'll adjourn the sentence
5     for that hearing.  Anything else from the government today?
6          MR. MASIMORE:  No, your Honor.
7          THE COURT:  Anything else from the defense?
8          MR. STAMPUR:  No, your Honor.
9          THE COURT:  Okay.  Thank you very much.  Have a good
10    day.
11         MR. MASIMORE:  Thanks, Judge.
12         (Adjourned)