# STAMPUR & ROTH
## ATTORNEYS AT LAW

WILLIAM J. STAMPUR
JAMES ROTH

299 BROADWAY, SUITE 800
NEW YORK, N.Y. 10007

(212) 619-4240
FAX (212) 619-6743

May 3, 2016

Re: SUPPLEMENTAL SENTENCING MEMORANDUM – United States v. Edwin Araujo, 13 Cr. 811 (ALC)

By HAND and ECF

Honorable Andrew L. Carter, Jr.
United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

Dear Judge Carter,

I represent Edwin Araujo in the above captioned case. Mr. Araujo's sentence is currently scheduled for Friday May 6, 2016 at 3:00 PM. I write to supplement my Sentencing Submission of June 1, 2015.

In this case the sentences the Court has already imposed on other co-defendants suggests Mr. Edwin Araujo is deserving of consideration for a lesser advisory guideline range and consideration that a prior discharged term of imprisonment he received in 2010 be credited towards the sentence to be imposed by this Court.

While each of his co-defendants presented individual characteristics that defy specific comparison, an analysis of prior sentences, most specifically that of his brother Guillermo Araujo suggest the sentence proposed would be in proportion to that imposed on him (Guillermo) and reflect relative culpability and responsibility under this Indictment. It would also satisfy "the need to avoid unwarranted sentencing disparity among defendant(s) 18 U.S.C § 3553 (a)(6) by taking their relative roles into account".

On July 1, 2015 this Court sentenced Guillermo Araujo to forty one months imprisonment crediting him with both prior, undischarged and discharged sentences. The discharged term credited was eighteen months on a State sentence in 2008 of one to three years, under Ind. Number 4458-07 pursuant to section 5K2.23 of the sentencing guidelines. This eighteen month discharged sentence was the same case that involved Mr. Edwin Araujo under the same docket number 4458-07. (See PSR par. 90)

STAMPUR & ROTH

Edwin Araujo and his brother Guillermo were indicted in 2007 under Docket No:4458N-2007 in New York County Supreme Court charging them with various crimes including burglary and possession of a controlled substance. Ultimately Guillermo Araujo pled guilty to a burglary count and was sentenced, as previously noted to one to three years imprisonment in which he served eighteen months. Edwin Araujo pled guilty to possession of a controlled substance covering the same burglary counts in the same Indictment in 2010, and he was sentenced to four years imprisonment.

In addition the Plea Agreement(s) of both Edwin Araujo and his brother Guillermo contained the exact same stipulated sentencing guideline range of 87 to 108 months incarceration reflecting the same Guidelines offense level, 27.

I respectfully request the Court consider to credit Mr. Edwin Araujo similarly pursuant to 5K2.23 and 5G1.3 Application Note 5 of the Federal Sentencing Guidelines as a result of his discharged term of imprisonment based on the sentence he received in 2010 or in the alternative consider a lesser advisory guideline range to avoid an unwarranted sentencing disparity.

For the foregoing reasons, and in consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), I respectfully request the Court sentence Mr. Araujo to a sentence below the Guidelines range.

Respectfully submitted,

William J. Stampur